UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24339-RAR

**SAMUEL LEE SMITH, JR.**,

    Plaintiff,

v.

**CARLOS ROSADO**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of Plaintiff's *pro se* Complaint, [ECF No. 1], Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], and Plaintiff's Motion for Referral to Volunteer Attorney Program, [ECF No. 3]. Plaintiff is suing the Pinecrest Police Department as well as two individual officers, Carlos Rosado and Elissa Weintraup, in relation to an incident on April 28, 2024. *See generally* Compl. Plaintiff alleges that Defendants are liable for "unlawful detainment, harassment, improper procedure, and discrimination" under 42 U.S.C. § 1983. Compl. at 3.

Upon screening the Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint is an impermissible shotgun pleading and fails to state a claim upon which relief may be granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** *without prejudice and with leave to amend* as set forth herein.

## BACKGROUND

The allegations in Plaintiff's handwritten Complaint are somewhat difficult to decipher and the order of events is unclear. As far as the Court can tell, Plaintiff alleges that he was riding his scooter on a sidewalk when he was approached by Defendant Carlos Rosado, a Pinecrest Police

Department Officer.  Compl. at 4, 7.  Plaintiff asked Rosado if he was being detained and Officer Rosado responded "[n]o."  *Id.* at 7.  Rosado then asked Plaintiff for his driver's license and was "very aggressive."  *Id.*   At some point, another Officer, Defendant Elissa Weintraup, was called to the scene and Plaintiff asked her for a "case card."  *Id.* at 8.

It is unclear what exactly happened next.[1]   Plaintiff claims he was "assaulted by the officer Carlos [Rosado, who] . . . put his hands on Mr. Smith[.] . . . Carlos was verbally authority [sic] and is an unresponsive listener."  *Id.* at 8.  Plaintiff alleges that he was placed in handcuffs "which were extremely tight and which cut off . . . circulation."  *Id.* at 4.  Plaintiff makes no mention of why or how he was put in handcuffs.  Although two officers who were at the scene (and who are not parties to this action) said that they could fit three fingers between Plaintiff's hand and the handcuffs, Plaintiff alleges he "couldn't feel his hands" because the handcuffs had cut off circulation to his hands, leaving "two marks around each wrist."  *Id.* at 12.  It also appears that Officer Rosado gave Plaintiff some sort of a citation or ticket, although it is unclear whether this happened before or after Plaintiff was placed into handcuffs.  *Id.* at 4, 9.

Officer Rosado then asked Plaintiff if he had weapons and searched Plaintiff's person, including under his waistband while Officer Weintraup searched a "bag that was across [Plaintiff's chest]."  *Id.* at 9.  Plaintiff says he did not consent to the search.  *Id.*  The two officers then removed the Plaintiff's handcuffs and left the scene.  *Id.* at 10.

---

[1] Below his Complaint, Plaintiff includes a Pinecrest Police Department Victim/Witness Statement signed by Plaintiff providing further details regarding the incident.  Consistent with the requirement to construe *pro se* filings liberally, the Court will consider the victim statement to be part of the facts alleged within the operative Complaint.  *See Smith v. Delman*, No. 23-21650, 2023 WL 3278459, at *1 (S.D. Fla. May 5, 2023) (in considering whether to dismiss a *pro se* complaint under 28 U.S.C. § 1915(e), "the allegations of a complaint *and attachments* are taken as true and are construed in the light most favorable to the plaintiff.") (citing *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (emphasis added)); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

Plaintiff called 911 for an ambulance and/or fire rescue. *Id.* It appears that Officers Rosado and Weintraup then returned to the scene along with firefighters, paramedics, and an ambulance. Plaintiff was told that the two officers "had to be there when [the] ambulance arrived." *Id.* Plaintiff does not say what happened afterwards.

Plaintiff alleges that he sustained injuries as a result of the incident, including "[b]lood [c]irculation [s]topped, [n]umbness [i]n hands, [e]motional [d]istress, traumatic stress PTSD, RBTS/[r]ace[] [b]ased [t]raumatic [s]tress, [a]nxiety, [and] [s]leeping [p]roblems." *Id.* at 5. According to Plaintiff, the violations underlying his section 1983 claims include "[u]nlawful detainment, harassment, [i]mproper [p]rocedure, [and] [d]iscrimination." Plaintiff also claims that "[t]he racist treatment Mr. Smith experienced was abuse" and that Weintraup's failure to give Plaintiff the "case card" or "complaint card" he had requested earlier was a "violation of [his] rights." *Id.* at 4, 10. The only relief sought is for "[j]ustice to [b]e [s]erved." *Id.* at 5.

## **LEGAL STANDARD**

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under this statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all [*in forma pauperis*] litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in

more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Importantly, the Court also does not act as a researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation).

Likewise, liberal construction does not authorize *pro se* litigants to file impermissible "shotgun" pleadings. The Eleventh Circuit has identified "four rough types" or categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the

Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

If a plaintiff fails to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with the appropriate procedural rules, its usefulness is substantially diminished. Still, a *pro se* litigant must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## **ANALYSIS**

Consistent with the Court's obligation to liberally construe *pro se* pleadings, the Court finds that Plaintiff could be attempting to allege at least one of four different constitutional violations in his Complaint: (1) a false arrest claim; (2) an unlawful search claim; (3) an excessive force claim; and (4) a Fourteenth Amendment equal protection claim. To show that he was falsely arrested and unlawfully searched in violation of the Fourth Amendment, Plaintiff must show that his arrest was effectuated without probable cause. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010); *United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002) (explaining police may conduct a warrantless search incident to a lawful custodial arrest, which requires probable cause). To show excessive force, Plaintiff must demonstrate that the amount of

force used was "objectively unreasonable under the facts and circumstances of a specific case, judged from the perspective of a reasonable officer on the scene." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1321 (11th Cir. 2017) (internal quotation omitted). "[T]he application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Saunders v. Duke*, 766 F.3d 1262, 1269 (11th Cir. 2014) (internal quotation omitted). To bring an equal protection claim, a plaintiff must prove discriminatory motive or purpose. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1507 (11th Cir. 1995). Finally, to bring a section 1983 claim against a local government entity, a plaintiff "must show: (1) that his constitutional rights were violated; (2) that the [department] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff fails to proffer specific facts—in the form of "short and plain statement[s]"—showing that he is entitled to relief against any of the Defendants. FED. R. CIV. P. 8(a)(2). As presently drafted, the Complaint fails to state a claim since it lacks the necessary information to establish an entitlement to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff does not provide the Court with any information to establish an absence of probable cause and that the subsequent search was not a lawful search incident to arrest. *See Brown*, 608 F.3d at 734. Plaintiff likewise does not advance any allegations about why he was restrained, how much force was used, or why the force was excessive. The same goes for Plaintiff's ostensible discrimination claims: Plaintiff alleges no facts to show discriminatory motive or purpose other than the conclusory allegation that "[t]he racist treatment was abuse." Compl. at 4. Similarly,

Plaintiff has failed to allege any sort of policy or practice by the Pinecrest Police Department[2] that caused the alleged violation of his civil rights required to establish a section 1983 claim. *See McDowell*, 392 F.3d at 1289. It is also not clear what action Plaintiff is requesting the Court to take. As far as relief goes, Plaintiff only asks for "[j]ustice to [b]e [s]erved." Compl. at 5. While the Court certainly aims to serve justice, Plaintiff must specify what relief he is seeking.

Further, the Complaint bears the hallmark features of a shotgun pleading. It is chock-full of conclusory, vague, or immaterial allegations without any obvious connection to any particular cause of action. *See, e.g.*, *id.* at 4 (alleging that the "stop was improper procedure"); *id.* (alleging that Defendant Carlos Salgado "assault[ed] Mr. Smith" without providing any supporting facts). Plaintiff also fails to identify which Defendant is alleged to be responsible for what violation(s), lumping together all allegations into a single narrative without specifying what claims attach to what facts. And Plaintiff fails to "state his claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and fails to divide "each claim founded on a separate transaction or occurrence" into separate counts. FED. R. CIV. P. 10(b). Because of these defects, the Complaint does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"—the quintessential trait of a shotgun pleading. *Weiland*, 792 F.3d at 1321–23 (citations omitted).

---

[2] The Court notes that it is unclear whether the Pinecrest Police Department is a proper party to this action. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Rodriguez v. Quinones*, 508 F. Supp. 3d 1198, 1206 (S.D. Fla. 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (internal citations omitted)). This is because, ordinarily, "a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Id.* (quoting *Shepard v. Hallandale Beach Police Dep't.*, No. 06-60322, 2006 WL 8446393, at *2 (S.D. Fla. May 3, 2006)), *report and recommendation adopted*, 2006 WL 8446351 (S.D. Fla. June 5, 2006). And it appears that the Pinecrest Police Department may not be an independent judicial entity. *See Gomez v. Vill. of Pinecrest*, 41 So. 3d 180 (Fla. 2010) (bringing suit against the Village of Pinecrest, not the Pinecrest Police Department, for acts of Pinecrest Police Department officers). However, absent clear authority on point, the Court declines to find at this stage whether or not the Pinecrest Police Department is a legal entity subject to suit.

To state a viable claim in his amended complaint, Plaintiff must provide more factual details, divide his claims into numbered paragraphs and separate counts, and clearly specify which Defendants are alleged to be responsible for what claims. The Court warns Plaintiff that failing to file an amended complaint that complies with this Order will result in the case being dismissed for failure to prosecute and for failure to comply with this Court's orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b)).

The Court also notes that Plaintiff is a serial filer in this District, having filed at least 21 actions in this District (not including this case), 16 of which were filed since March of this year:

1. *Smith v. MDCP School*, 18-cv-20347 (S.D. Fla. filed Jan. 29, 2018).
2. *Smith v. MDPD*, 18-cv-20363 (S.D. Fla. filed Jan. 30, 2018).
3. *Smith v. Starbucks*, 18-cv-20364 (S.D. Fla. filed Jan 30, 2018).
4. *Smith v. Marti*, 23-cv-24148 (S.D. Fla. filed Oct. 31, 2023).
5. *Smith v. City of Miami*, 23-cv-24150 (S.D. Fla. filed Oct. 31, 2023).
6. *Smith v. Valdivia*, 24-cv-21001 (S.D. Fla. filed Mar. 14, 2024).
7. *Smith v. Perkins*, 24-cv-21548 (S.D. Fla. filed Apr. 23, 2024).
8. *Smith v. Lieberman*, 24-cv-21558 (S.D. Fla. filed Apr. 23, 2024).
9. *Smith v. Zayaz*, 24-cv-21560 (S.D. Fla. filed Apr. 24, 2024).
10. *Smith v. Dmitri*, 24-cv-21574 (S.D. Fla. filed Apr. 24, 2024).
11. *Smith v. Turner Guilford Knight Correctional Center*, 24-cv-21842 (S.D. Fla. filed May 10, 2024).
12. *Smith v. Enriquez*, 24-cv-21843 (S.D. Fla. filed May 10, 2024).
13. *Smith v. Miami-Dade County*, 24-cv-21845 (S.D. Fla. filed May 10, 2024).

14. *Smith v. Lippman Loelo*, 24-cv-22955 (S.D. Fla. filed Aug. 1, 2024).

15. *Smith v. Acevedo*, 24-cv-22956 (S.D. Fla. filed Aug. 1, 2024).

16. *Smith v. Anderson*, 24-cv-61397 (S.D. Fla. filed Aug. 1, 2024).

17. *Smith v. Slimak*, 24-cv-22990 (S.D. Fla. filed Aug. 5, 2024).

18. *Smith v. Miami-Dade County*, 24-cv-23957 (S.D. Fla. filed Oct. 15, 2024).

19. *Garcia v. Smith*, 24-cv-24288 (S.D. Fla. filed Nov. 1, 2024).

20. *Smith v. Garcia*, 24-cv-24278 (S.D. Fla. filed Nov. 1, 2024).

21. *Smith v. Povedo*, 24-cv-24337 (S.D. Fla. filed Nov. 4, 2024).

Of the 14 cases not currently pending in this District, no less than 14 have failed for frivolousness, failure to state a claim, or failure to follow procedural rules or court orders:

1. Order, *Smith v. Starbucks*, 18-cv-20364 (S.D. Fla. Jan 30, 2018), ECF No. 4 at 1–2 (dismissing for failure to demonstrate subject matter jurisdiction).

2. Order, *Smith v. MDPD*, 18-cv-20363 (S.D. Fla. Feb. 5, 2018), ECF No. 5 at 2 (dismissing for failure to state a claim).

3. Order, *Smith v. MDCP School*, 18-cv-20347 (S.D. Fla. May 22, 2018), ECF No. 7 at 2 ("Plaintiff s *pro se* complaint . . . is [dismissed with prejudice] as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).").

4. Clerk's Notice, *Smith v. Marti*, 23-cv-24148 (S.D. Fla. Oct. 31, 2023), ECF No. 1 (administratively closing case for failure to submit initiating documents).

5. Order, *Smith v. Lieberman*, 24-cv-21558 (S.D. Fla. Apr. 25, 2024), ECF No. 6 at 3 (dismissing because "Plaintiff has simply not stated a factual basis for his claim.").

6. Order, *Smith v. Zayaz*, 24-cv-21560 (S.D. Fla. Apr. 25, 2024), ECF No. 5 at 3 (dismissing as shotgun pleading).

7. Order, *Smith v. Valdivia*, 24-cv-21001 (S.D. Fla. Apr. 30, 2024), ECF No. 4 (dismissing for failure to state a claim).

8. Order, *Smith v. Enriquez*, 24-cv-21843 (S.D. Fla. June 3, 2024), ECF No. 8 at 1–2 (dismissing for failure to state a claim).

9. Order, *Smith v. Perkins*, 24-cv-21548 (S.D. Fla. June 20, 2024), ECF No. 5 at 3 (dismissing because "Plaintiff has failed to state a claim upon which relief can be granted.").

10. Order, *Smith v. Dmitri*, 24-cv-21574 (S.D. Fla. June 20, 2024), ECF No. 5 at 4 (dismissing with prejudice because "Plaintiff . . . fails to substantiate any cause of action.").

11. Order, *Smith v. Acevedo*, 24-cv-22956 (S.D. Fla. Aug. 5, 2024), ECF No. 6 at 3 (dismissing because "the Court finds that Plaintiff has failed to state a claim even under the relaxed pleading standard afforded to *pro se* litigants, and that the Complaint is 'indisputably meritless.'").

12. Order, *Smith v. Lippman Loelo*, 24-cv-22955 (S.D. Fla. Aug. 21, 2024), ECF No. 7 at 3 (dismissing because the "Complaint is bereft of any factual allegations and fails to state a specific cause of action.").

13. Order, *Smith v. Miami-Dade County*, 24-cv-23957 (S.D. Fla. Nov. 1, 2024), ECF No. 10 at 1 (dismissing for failure to file joint scheduling report or certificate of interested parties, as ordered by the court).

14. Order, *Garcia v. Smith*, 24-cv-24288 (S.D. Fla. Nov. 1, 2024), ECF No. 7 at 3 (remanding to state court for lack of subject matter jurisdiction over Florida state traffic violation).

Plaintiff's continued filing of meritless lawsuits (evidenced by his 0-14 record in this District) borders on abuse of the judicial process warranting dismissal and sanctions. Federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). When a *pro se* litigant's repeated filing of frivolous lawsuits encroaches "on the judicial machinery needed by others," the *pro se* litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court." *Id.* The Court retains "considerable discretion" in dealing with such litigants. *Id.*

To be clear, this is a warning. If Plaintiff continues to file meritless lawsuits, the Court will not hesitate to restrict his filing privileges in this District or take other measures as may be necessary in the Court's discretion to protect itself from abuse.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*.

2. Consistent with the purpose of FED. R. CIV. P. 8, Plaintiff is granted leave to file an amended complaint. On or before **November 25, 2024**, the amended complaint must be docketed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

4. Plaintiff is warned that failure to file the amended complaint in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

5. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], and Motion for Referral to Volunteer Attorney Program, [ECF No. 3], are **DENIED as moot**.

6. The Clerk's Office is instructed to administratively **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 11th day of November, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**